**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| BENJAMIN BOYNTON, JR., | : | |
| **Petitioner** | : | **CIVIL ACTION NO. 1:09-0053** |
| **v.** | : | **(CONNER, D.J.)** |
| | | **(MANNION, M.J.)** |
| KENNETH CAMERON, Warden; | : | |
| ATTORNEY GENERAL OF THE | | |
| STATE OF PENNSYLVANIA, | : | |
| **Respondents** | : | |

## REPORT AND RECOMMENDATION

On January 12, 2009, the petitioner, an inmate at the State Correctional Institution, Cresson, Pennsylvania, filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. §2254, in which he challenges his conviction in the Court of Common Pleas of Lackawanna County. (Doc. No. 1). In addition, the petitioner filed a supporting memorandum. (Doc. No. 2). On January 27, 2009, the petitioner submitted the appropriate filing fee for proceeding with this matter. (Doc. No. 7). The petition will now be given preliminary consideration pursuant to Rule 4 of the Rules Governing Section 2254 Cases. 28 U.S.C. foll. §2254.

The petitioner contends that he was convicted on March 7, 2006, on charges of rape of a child, involuntary deviate sexual intercourse, aggravated indecent assault, indecent assault, and corruption of a minor. He was sentenced on June 28, 2006, to thirteen to thirty years of incarceration. Despite his counsel's representation that he would file a direct appeal, the

petitioner claims that he never did so[1]. Unaware that a notice of appeal had not been filed, and assuming that he was being represented by counsel in the appeal process, the petitioner contends that he took no further action to preserve his appeal rights. By the time it became apparent to the petitioner that no appeal had been filed, he claims that the statute of limitations had run for filing a post-conviction petition in the state courts. Therefore, on January 12, 2009, the petitioner filed the instant action in which he claims that he was denied due process in his criminal proceedings in violation of the Fifth and Fourteenth Amendments and that he was denied effective assistance of trial and appellate counsel in violation of the Sixth Amendment.

In considering the petitioner's claims, the district court may grant a petition for writ of habeas corpus only if the petitioner has exhausted all available state remedies as to each federal claim raised in the petition. 28 U.S.C. §2254(b)(1)(A); Coleman v. Thompson, 501 U.S. 722, 731-32 (1991); Slutzker v. Johnson, 393 F.3d 373, 379 (3d Cir. 2004). The principle of exhaustion, which is founded on comity, requires a petitioner "to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts . . . by invoking one complete round of the State's established appellate review process," including

---

[1]Review of the state court docket indicates that a notice of appeal was, in fact, filed in the petitioner's state criminal proceeding on August 1, 2006. However, the appeal was subsequently dismissed on October 19, 2006, for counsel's failure to comply with Pa.R.A.P. 3517. See Commonwealth v. Boynton, 1287 MDA 2006 (Pa.Super.)(Attached).

petitioning for discretionary appeal. O'Sullivan v. Boerckel, 526 U.S. 838, 844-45 (1999); Slutzker, 393 F.3d at 380 (citing Doctor v. Walters, 96 F.3d 675, 681 (3d Cir. 1996)). The petitioner bears the burden of establishing that all available state remedies have been exhausted. Parker v. Kelchner, 429 F.3d 58, 62 (3d Cir. 2005).

The exhaustion requirement is excused if it would be futile because "there is an absence of available State corrective process," such as where an appeal or petition for review would be procedurally barred as untimely, or "circumstances exist that render such process ineffective to protect the rights of the applicant."  28 U.S.C. § 2254(b)(1)(B)(i), (ii); Slutzker, 393 F.3d at 380 (citing Doctor, 96 F.3d at 681). However, if exhaustion is futile because the petitioner failed to satisfy a state procedural requirement, then the petitioner has procedurally defaulted and the exhaustion requirement is not excused. Coleman, 501 U.S. at 729-30; Slutzker, 393 F.3d at 380-81. Procedural default, like exhaustion, is founded on comity and federalism. A federal court may not entertain a petition for habeas corpus where the petitioner has procedurally defaulted because the procedural default "rests on independent and adequate state procedural grounds." Coleman, 501 U.S. at 729-30, 750; Slutzker, 393 F.3d at 380-81.

Procedural default is excusable only if the petitioner "can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in

a fundamental miscarriage of justice." Coleman, 501 U.S. at 749-50; Slutzker, 393 F.3d at 380-81. To establish "cause," a petitioner must "show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rules." Murray v. Carrier, 477 U.S. 478, 488 (1986). Examples of "cause" include where interference by government officials made compliance impracticable or ineffective assistance of counsel. Id. However, a claim of ineffective assistance of counsel must generally be presented to the state courts as an independent claim before it may be used to establish "cause" for procedural default. Id. at 488-89 (citing Rose v. Lundy, 455 U.S. 509, 518 (1982)); Werts v. Vaughn, 228 F.3d 178, 192-93 (3d Cir. 2000). "Actual prejudice" requires a petitioner to establish that an error caused him "actual and substantial disadvantage." Murray, 477 U.S. at 494 (citing United States v. Frady, 456 U.S. 152, 170 (1982)).

Here, the plaintiff has procedurally defaulted on the claims raised in the instant petition, as he would no longer be able to timely raise these claims in state court.  However, the petitioner claims that the cause for his procedural default was the ineffective assistance of his appellate counsel in failing to pursue his direct appeal. There is no indication that the petitioner has raised this as an independent claim in the state courts. This claim, therefore, is insufficient to establish cause for his procedural default.

The petitioner further claims a substantial miscarriage of justice would occur if this court were not to consider his claims. However, the miscarriage

4

of justice exception is available only in "an extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent." Murray, 477 U.S. at 496. Here, other than the blanket assertion in his petition that he is actually innocent, the petitioner has provided nothing to establish that the jury's verdict in his case was improper.

On the basis of the foregoing, **IT IS RECOMMENDED THAT:**

the petition for writ of habeas corpus, **(Doc. No. 1)**, be **DISMISSED**.

*s/ Malachy E. Mannion*
**MALACHY E. MANNION**
**United States Magistrate Judge**

**Date:** March 3, 2009

O:\shared\REPORTS\2009 Reports\09-0053-01.wpd