# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **BENJAMIN BOYNTON, JR.,** : | **CIVIL ACTION NO. 1:09-CV-0053** |
| **Petitioner** : | **(Judge Conner)** |
| v. : | |
| **KENNETH CAMERON;** : | |
| **ATTORNEY GENERAL OF THE** : | |
| **STATE OF PENNSYLVANIA,** : | |
| **Respondents** : | |

## ORDER

AND NOW, this 11th day of June, 2009, upon consideration of the report and recommendation of the magistrate judge (Doc. 8), recommending that the petition for writ of habeas corpus (Doc. 1) be denied, to which no objections were filed, and, following an independent review of the record, it appearing that petitioner's claims of ineffective assistance of counsel are procedurally defaulted,[1] see Coleman v. Thompson, 501 U.S. 722, 750 (1991) ("In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate

---

[1] Before obtaining habeas relief under 28 U.S.C. § 2254, a state petitioner must exhaust available remedies in state court. See 28 U.S.C. § 2254 (b)(1)(A). In Pennsylvania, petitioners must either bring claims on direct appeal or by independent petition to the state courts under the Pennsylvania Post Conviction Relief Act ("PCRA"). 42 PA. CONS. STAT. §§ 9541-9546 (2008), PA. R. CRIM. P. 901(A). See also Werts v. Vaughn, 228 F.3d 178, 192 (3d. Cir. 2000). Although petitioner's attorney failed to pursue a direct appeal, petitioner was eligible to bring independent claims for alleged ineffective assistance of counsel under the PCRA, but he failed to do so. (Doc. 1 at 11). Petitioner is now time-barred from bringing a PCRA petition. See 42 PA. CONS. STAT. § 9545(b); PA. R. CRIM. P. 901(A). Because petitioner did not exhaust all available state remedies, his claims are procedurally defaulted. Peterson v. Brennan, 196 F. App'x. 135, 140-141 (3d. Cir. 2006).

state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice."), and that petitioner has established neither "cause and prejudice" nor a "fundamental miscarriage of justice" sufficient to permit the court to reach the merits of his defaulted claims,[2] it is hereby ORDERED that:

1. The report and recommendation of the magistrate judge (Doc. 8) is ADOPTED.

2. The petition for writ of habeas corpus (Doc. 1) is DENIED. See 28 U.S.C. § 2254(b)(1)(A).

3. A certificate of appealability is DENIED. See 28 U.S.C. § 2253©.

4. The Clerk of Court shall CLOSE this file.

    S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge

---

[2] To establish "cause and prejudice," a petitioner must demonstrate that there was some objective factor external to the defense that prohibited compliance with state procedural requirements. See Cristin v. Brennan, 281 F.3d 404, 420 (3d Cir. 2002) (citing examples of actions that constitute "cause," which negate a procedural default). The failure of petitioner's attorney to appeal, on its own, is thus insufficient to establish "cause" for the procedural default. To establish a "fundamental miscarriage of justice," a petitioner must allege factual innocence and not mere legal insufficiency. Bousley v. United States, 523 U.S. 614, 623 (1998). In the instant case, there is no indication that the petitioner brought an independent claim in the state courts under the PCRA. (Doc. 1 at 11). Other than the blanket assertion that he is "actually" innocent, petitioner has presented no evidence of factual innocence necessary to establish a fundamental miscarriage of justice. (See Doc. 2 at 2), Murray v. Carrier, 477 U.S. 478, 497 (1986) (holding that petitioner's statements must contain material that would establish actual innocence).